## DECEMBER TERM, 1843.

### A. M. & J. U. PAYNE *v.* JOHN COWAN, *et al.*
### D. B. NAYLER, *et al. v.* A. M. PAYNE, *et al.*

The neglect of the complainants to have process served, is just ground for dissolving an injunction in the case.

The rule, in such case, is based upon the ground of negligence ; where process has been regularly sued out, but irregularly served, and the complainant proceeds to take out new process, as soon as the irregularity is discovered, the rule will not apply.

Persons not parties defendant to the original bill, have no right to file a cross-bill in the case ; but where the complainants elect to treat such proceeding as a cross-bill, by answering it, it will not be dismissed on condition before the final hearing.

Whether, in such case, any decree can be given upon such bill at the final hearing, *Quere ?*

Depositions, taken to be read on behalf of defendants to the original bill, upon notice given by counsel not representing any of the defendants to that bill, are irregularly taken, and will be suppressed.

It is a sufficient ground to suppress a deposition, that the witness testifying is a defendant to the original bill, and no order of Court had been given authorizing his deposition to be taken.

THE original bill in this case was filed by A. M. and J. U. Payne, against John Cowan and others, to marshal assets.   John Cowan had executed a deed of trust to the complainants upon a number of negroes : this deed of trust had been foreclosed by the trustee, and the complainant A. M. Payne had become the purchaser.   A number of judgments at law, some older and some younger in date than the deed of trust to the complainants, had been rendered against the defendant John Cowan, in the Circuit Court of Warren County, and the sheriff of that county was about to levy executions issuing upon these judgments, on the negroes, purchased by A. M. Payne.   The complainants exhibited their bill for an injunction ; averring that John Cowan had then in possession other negroes and land unincumbered, sufficient in value to pay all the judgments and the executions thereon, then in the hands of the sheriff, of older date than the deed of trust under which they claimed.   The injunction was granted.

The President, Directors, and Company of the Planters Bank of the State of Mississippi, were, among others, parties defendants to the original bill ; process was taken out immediately upon the

filing of the bill, but was not served in the mode required by the statute.   A motion was made to dissolve the injunction as to the Planters Bank, because she had not been served with process ; and the complainants immediately ordered an *alias* subpœna, upon which the president of the Bank acknowledged service.

The original bill was filed and the injunction granted on the 24th of March, 1840.   On the 21st of May 1840,. Daniel B. Nayler, Benjamin E. Strother, and Thomas Redwood, filed in the case a bill, which they termed a cross-bill.   Neither of the complainants in the cross-bill were defendants to the original bill.   The object of the complainants in the cross-bill was to attack the validity of the sale under the deed of trust at which A. M. Payne became the purchaser, in order that they might subject the property purchased by him to the satisfaction of the junior judgments against Cowan, and for other purposes, which it is not deemed requisite to notice here.

The depositions were afterwards taken, of the witnesses named in the following notice, at the time and place named in it.

" Vicksburg, August 2d, 1842.   Messrs. Guion, Prentiss, and Smedes.   Gentlemen : You will please take notice that on Saturday, the thirteenth instant, we will take the depositions of B. J. Hicks, James T. Hicks, A. N. Warren, `John Cowan, and John H. Mosely, to be read as evidence in the cause of A. M. Payne and J. U. Payne against John Cowan· and others, now pending in the Chancery Court at Jackson, in the State of Mississippi.   The depositions to be taken at the Mayor's office, in the city of Vicksburg, before M. C. Folkes, mayor of the city of Vicksburg, and commissioner in chancery.   Also on the same day we will take the depositions of the above-named witnesses, to be read as evidence in the case of Daniel B. Nayler, Benjamin E. Strother, and Thomas Redwood, in behalf of themselves and others against A. M. Payne, J. U. Payne, John Cowan, and others, now pending in the Chancery Court at Jackson, State of Mississippi.   The deposition will be taken before M. C. Folkes, at his office in the city of Vicksburg.   Brien & Hughes, solicitors."

This notice was served on John J. Guion, one of the firm of Guion, Prentiss, and Smedes, who were the counsel of record for A. M. and J. U. Payne, in the original bill.

Messrs. Brien and Hughes were the counsel of record for D. B. Nayler, *et al.*, the complainants in the cross-bill, and were not counsel of record for any of the defendants to the original bill.

The caption to the depositions recited that the depositions were taken to be read on the trial of the original bill.

Messrs. A. M. and J. U. Payne filed their separate answers, to this cross-bill of Nayler and others ; the merits of the controversy not being at this time in issue, the contents of the pleadings are not noticed.

John Cowan was a defendant to the original bill, and a defendant to the cross-bill ; his deposition was taken as stated above ; but no order of court was of record, authorizing it.

Upon this state of fact and pleading, various motions by different parties were addressed to the Court ;

*First :* To dissolve the injunction against the Planters Bank, because process had not been served upon her.

*Second :* To take from the files the cross-bill filed by Nayler and others, and cause it to be docketed as an original bill ; 1. because the complainants in the cross-bill were not defendants to the original bill, and 2. because the " pretended cross-bill " made defendants thereto other persons than the complainants in the original bill.

*Third :* To suppress the depositions of James T. Hicks, Benjamin J. Hicks, John H. Mosely, and John Cowan ; 1. because Cowan was a defendant in the cause, and his deposition had been taken without leave of the Court for that purpose ; 2. because the depositions were not taken by or at the instance of any of the defendants, or the solicitors or attorneys of any of the defendants, who have filed answers in the cause, or against whom *pro confessos* have been taken, or who, under the statutes of the State or the rule of the Court, have any right to take depositions, to be used as evidence in the case.

Upon these various motions the cause was submittted to the Chancellor.

*Harrison and Holt*, for A. M. and J. U. Payne ; on the motion to suppress the depositions.

By reference to the caption of these depositions and to the certificate of the commissioner, it will be seen that they were taken to be read on behalf of the defendants in the original bill. They were, as the notice shows, taken by " Brien and Hughes," solicitors for The Planters Bank, and for Nayler, Strother, and Redwood. Had either of these parties a right to take depositions in the case ? The Planters Bank had not, because, although there had been an informal service of process upon her, yet she never entered her appearance until the present term, and has never filed answer, plea, or demurrer. Under the statute of Mississippi, no defendant has a right to take depositions in a cause until his answer has been filed. Nayler, Strother, and Redwood, had no right to take depositions to be used as evidence on behalf of defendants in this suit, simply because they are not defendants themselves, nor are named at all in the bill. It certainly will not be insisted that a commissioner in chancery, or any other stranger, can prepare depositions, and obtrude them upon the files of this Court. The complainants did not attend before the commissioner, because they felt themselves under no obligation to do so ; knowing that the parties from whom they received the notice, and who were moving in the matter, were acting prematurely, and without legal sanctions.

It will be observed, that although in the notice addressed by Messrs. Brien and Hughes to complainants, they are informed that the depositions of some witnesses would be taken at some time and place, to be read as evidence in the case of *Nayler, Strother, and Redwood* v. *Payne, Cowan, &c.*, yet this does not appear to have been done, at least no such depositions are on file. Those now moved to be rejected, and which complainants were also advised would then be taken, are as distinctly shown by caption and certificate of commissioners, prepared to be used as evidence in the case of " *A. M. and J. U. Payne* v. *Cowan, &c.*," and prepared at the instance of persons not in a condition to take such a step in the cause.

There is also a motion to take from the files in this case, and to docket upon its own footing as an original bill, the bill of Nayler, Strother, and Redwood, prayed by them to be taken as a cross-bill against complainants, and others, and which is indorsed as a cross-bill by the clerk.

*Nayler, Strother, and Redwood* on 21st May, 1840, filed their bill of complaint in this Court v. *A. M. and J. U. Payne*, and others, and pray that it may be taken as a cross-bill, to the original bill of *A. M. and J. U. Payne* v. *John Cowan*, &c. The clerk, inadvertently, so far grants this prayer as to lodge this bill with the papers in the case of " *Payne* v. *Jno. Cowan et al.*" and indorsed on it " cross-bill." But this unauthorized step and misnomer do not make it the thing it prays to be. A cross-bill must certainly be filed by those who are defendants to the original bill, and against those who are complainants therein, and against no others. Yet, we find that Nayler, Strother, and Redwood, *are not* defendants to the bill of " *A. M. and J. U. Payne* v. *Cowan, &c.*," and they make defendants to their pretended cross-bill, not only A. M. and J. U. Payne, &c., in violation of the settled rule upon the subject. The motion, it seems to us, should be allowed.

With reference to the motion by Planters Bank for a dissolution of injunction, because process has not been served on her, &c., the record shows that the subpœna was executed on Planters Bank, but the informal character of the return of service did not authorize a *pro confesso*. A subsequent subpœna was issued and service of it acknowledged by the president of the Bank, and during the present term the Bank has formally entered her appearance to the suit. Surely this furnishes no ground for a dissolution of the injunction.

*Robert Hughes,* for complainants, in the cross-bill. The motions, made by the defendants to the original, being first in order, will first be noticed.

1. The defendants to the original bill, move the Court to dissolve the injunction, because process had not been executed, or properly issued, against the President, Directors, and Company of the Planters Bank of the State of Mississippi.

This motion was made early in December, and, on the 26th day of that month, a subpœna is asked for, and issued and executed.

Mr. Holt in his brief, in answer to the rule, insists, that it ought not to be granted, because counsel had been misled, by a return on a subpœna, as to that party. This is no answer. The rule is, that unless process is executed, or where not executed, the necessary steps taken from term to term, to procure execution, the injunction

shall be dissolved. This is understood to be the practice — and founded upon the best of reasons — to expedite the hearing of causes. In this case, a motion was formerly made to dissolve the injunction, which was overruled, and cannot again be made, and unless the complainant is compelled to bring his cause to a hearing, the injunction may stand forever. And we do not believe the Court will permit him to take any steps, until by motion or rule, he is put in default, and then permit him to avoid the effect of the default, by doing that which ought to have previously been done.

If the injunction is dissolved, it cannot be reinstated, because there is now evidence in the cause, which shows that the matters of equity set up by the bill are untrue. This we are ready to meet, or, an application to reinstate the injunction.

2. Next come the motions of the complainants in the original bill, A. M. and J. U. Payne : we will notice them in order.

1. They move to take from the file of the papers of this cause, the paper called a cross-bill, filed by Nayler, Strother, and Redwood, because, as they insist, the complainants in said cross-bill are not defendants to the original bill, and because there are other defendants to said cross-bill besides the parties to the original bill ; and they also move to file said cross-bill as an original.

The rule is admitted that a cross-bill should be filed, by one or more of the defendants against the other parties to the bill only. But it does not necessarily follow from this admission, that the bill cannot be used and treated as a cross-bill. In order that what may be said on this subject may be properly understood, I file with this brief an abstract of the pleadings and proof which was prepared for another purpose, but which may as well be used for this. By an inspection of this abstract, it will be seen that A. M. and J. U. Payne filed their bill to prevent the sale of negroes levied on by the sheriff of Warren, as the property of John Cowan, twenty-seven of which were claimed to belong to A. M. Payne, in consequence of a purchase under a deed of trust, and two of them claimed to be subject to a deed of trust for the benefit of J. U. Payne and John Cowan, and all the plaintiffs in the execution which were older than the deed of trust, under which the complainants claim, were made parties. There were, however, other executions, which

were levied at the same time, the plaintiffs in which were not, although they should have been, made defendants. In several of these cases, Nayler, Strother, and Redwood were the sureties of Cowan, in forthcoming bonds, and were defendants in the executions, out of whom the money had to be made, in the event that it could not be made from the property of Cowan ; so that, being interested in the proper disposition of the property of Cowan, they had a right to be heard in the cause, in some shape — and by an application on their part alleging that the property did not belong to A. M. and J. U. Payne, or either of them, the Court would have directed them to be made defendants, in order that they might have an opportunity of litigating the question with the complainants. The cross-bill, as will be seen by an inspection of it, was prepared by the late Judge Anderson, I presume, under the supposition that the complainants in it were defendants to the original bill. But they were not, and before they were made defendants, they had no right to file their cross-bill. May not this objection, however, be waived ; it is believed it may, and has been, by the acts of A. M. and J. U. Payne. They have come in and filed their answers to it, as a proper and legitimate cross-bill. For the last year or two, they have acknowledged the right of the complainants in it to contest their pretended right to the property. But now, when they are in some danger of being caught in a *fraud*, they insist that we had no right to file the bill. We presume this *new view* would never have been taken, had not the attention of counsel been called to it, by the decision of the Court, in some case during the term in December last. If the Messrs. Payne, or their counsel, intended to take such an objection, they should have done so by demurrer, or by motion to take the paper from the files before answer ; then the case would have been looked into, and, ascertaining the fact that the complainants in it were not defendants to the original bill, on petition, or upon the facts set out in the cross-bill, the Court would have ordered them to have been made defendants, and then, also, would have ordered the cross-bill to be answered. But, having failed to take this course, the objection is waived, upon the same principle that an objection to the jurisdiction is waived by answer, or, where the objection is to form, and having answered to the substance, it is too late to object to the form.

But if the objection is properly taken, the Court will now order the complainants in the cross-bill to be made defendants to the original bill, and then will sustain the cross-bill.

The Court will never, on a mere formal objection, place parties in a position where they cannot have the benefit of a prosecution of their rights, when the matter of form can rightfully be amended. By inspection of the proof referred to, in the abstract before spoken of, it will be seen that the Paynes are attempting a most outrageous fraud upon the creditors of John Cowan ; and Nayler, Strother, and Redwood have no other means of enforcing their rights than by the plan pursued by them.

If the cross-bill has attempted to make other persons parties to it, in the defence, than those to the original bill, the result will be that, as to them, it must be dismissed ; but on that ground the bill will not be taken from the file.

By looking at the cross-bill, it will be seen that it is filed by Daniel B. Nayler, Benjamin E. Strother, and Thomas Redwood, in behalf of themselves and others, the securities for and indorsers and creditors of John Cowan, against A. M. and J. U. Payne, John Cowan, and E. W. Morris, and others, who are defendants to the original bill ; so that there are no defendants other than those who should be.

2. The next motion of the complainants in the original bill, is to suppress the depositions of James T. Hicks, Benjamin J. Hicks, John H. Mosely, and John Cowan ; and to take the same from the file.

1st. Because the said Cowan is a defendant in the cause, and this deposition has been taken without any leave of the Court for that purpose obtained.

2d. Because said depositions were not taken by or at the instance of any of the defendants, or the solicitors or attorneys of any of the defendants who have filed answers in this cause, or against whom *pro confessos* have been taken, or who have been served with process, or who, under the statutes of this State, or the rules of this Court, have any right to take depositions to be read as evidence herein.

On the objection to the deposition of John Cowan, the matter

of examination of co-defendants, has been so often mentioned in Court, and so well understood, that it is needless to say much on the subject.    An order for the examination of a witness who is a defendant, is an order of *course, without notice* to the opposite party, upon suggestion that he. has no interest, saving exceptions to be taken at the hearing.    See 1 Smith's Ch. Pr. 343.

When the deposition has been taken without such an order, and there is no other objection, we presume the Court will not suppress it only for the purpose of charging the party who has taken it with the cost, and to compel him to retake it.    But we have frequently understood the Court to have decided, that objections which go to competency, cannot be taken on a motion to suppress, and *vice versâ.*    But, however this may be, the authority, before referred to, shows most conclusively that the *order* is a mere form,· is *a matter of course,* that in fact there is no necessity for it.

As to the objections taken to all the depositions, for the purpose of having them suppressed and taken from the file, they cannot be sustained.    It may be true, that the depositions have not been taken at the instance of any defendant in the original bill authorized to take them, and yet be properly taken.    By reference to the notice appended to the depositions, by the commissioner before whom taken, it will be seen that "Brien and Hughes," who are counsel for Nayler, Strother, and Redwood, the complainants in the cross-bill, give notice to A. M. and J. U. Payne, that on the 13th August, 1842, the depositions will be taken, "to be read as evidence in the case of *A. M.* and *J. U. Payne* against *John Cowan,* and others," and also "to be taken to be read as evidence in the case of *Daniel B. Nayler, Benjamin Strother,* and *Thomas Redwood,* in behalf of themselves and others, against *A. M.* and *J. U. Payne,* and others;" and the commissioner in his certificate, at the conclusion of the depositions, states, "that *in pursuance* of the *notice hereto annexed,* I caused James T. Hicks, &c., to come, &c."    True he also says, that the evidence was in behalf of the defendants in the original bill.    But the notice shows that it was also taken in behalf of the complainants in the cross-cause, and that notice is referred to, for the purpose of showing between what parties the depositions are to be read.    It was contemplated

by counsel to take the depositions in both causes, but the commissioner thought that it would answer all the purposes of justice to take the depositions but once, and by the proper certificate make them apply to both causes. In this it is submitted that he acted wisely and properly. No evil can result from the course, and one set of costs is saved.

CHANCELLOR. These cases were submitted upon several motions made by either party.

1. To dissolve the injunction on the original bill as against the Planters Bank, because of the neglect of the complainants to have process served. I have repeatedly held, that the neglect of a complainant, in an injunction bill, to take out subpœna and have the same served in a reasonable time, is just ground for dissolving the injunction. But the rule proceeds upon the ground of negligence. Here process was duly sued out, and served; but the service was irregular and defective, and it therefore became necessary to take out a new subpœna, which seems to have been done as early as the complainants were advised of the defect in the service of the original one. There is nothing at least to show that their attention was called to it earlier than the notice given by this motion. The complainants appear to have done all their duty required, by taking out process and placing it in the hands of the proper officer; and they cannot be made responsible in this way for his errors. The motion must be overruled.

2. The motion to take from the files the bill purporting to be a *cross-bill* by Nayler, Strother, and Redwood, is made upon the ground that they are not parties defendant to the original bill. This objection would certainly have been well taken upon demurrer But the complainants having treated it as a cross-bill by answering it, I think they cannot be heard at this stage of the case, and in this form, to make the objection. Whether any decree can be given on such a bill, is a different question, upon which I give no opinion, as I will consider it open for discussion at the final hearing.

3. The motion to suppress the depositions in the case must prevail. The commissioner states in the caption, and also in his certificate thereto, that they were taken on behalf of the defendants to the

original bill ; but it appears that the notice was given by counsel, not representing any of the defendants to that bill who were then in an attitude to take testimony.    It is true, that the notice shows an intention to take them also under the cross-bill, but the complainants to the cross-bill, we have already seen, are not defendants to the original bill, and the depositions themselves show that they were only taken as between the parties to the original bill. John Cowan, who is a defendant to the original bill, appears to have been examined as a witness without any order for that purpose.    In the case of *Barden* v. *Gorman*, 2 Molloy, Rep. 376, this was held sufficient ground for suppressing a deposition so taken. I have no doubt upon the point of practice.    Let the depositions be suppressed.